### JIM WILLIAMS v. THE STATE.

#### No. 3175.    Decided January 25, 1905.

##### Theft of a Horse—Indictment—Ownership—Proof—Variance.

Where the alleged stolen horse had escaped from the real owner D. and was taken up by L. who was preparing to estray him, when appellant claimed the horse as his own and obtained possession of him by false pretext; the ownership and possession should have been alleged in L. who had complete possession and actual care, control and management of the animal at the time appellant procured the same by false pretext of ownership. The indictment alleging the ownership and possession in D., and the proof on that point being as above, the variance was fatal.

Appeal from the district Court of Houston. Tried below before Hon. John J. Wood.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Ragland,* for appellant.—Citing, Tinney v. State, 24 Texas Crim. App., 112.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of a horse, and his punishment assessed at imprisonment in the penitentiary for a term of two years; hence this appeal.

The record tends to show, on the part of the State, that the animal in question was the property of Will Deal. Will Deal had recently been living in Angelina County, and removed to Houston County; had his

horse in the lot, from which he missed it. He at once informed his father J. F. Deal by phone, that his horse had gotten out, and would likely come back to Angelina County, and to keep a look-out for him. The horse was taken up a short time afterwards by one George Lackey, who advertised him and was preparing to estray him. About this time appellant came to George Lackey's, and claimed the horse. He gave Lackey some description of the horse: not entirely accurate. It appears Lackey was satisfied with the description given, and agreed to turn him over the horse if he would give him $3.50. While they were talking, one T. J. Bonner came up and traded another horse to appellant for the horse in question, agreeing to give him $3.50 to boot. Bonner's horse was worth $25 or $30 whereas appellant's horse was worth $60 to $65. Bonner subsequently rode the horse into the neighborhood of J. F. Deal, in Angelina County. When said Deal recognized the horse and claimed him, Bonner turned him over to him. Appellant stated when he claimed the horse from Lackey that he had traded for him with one Commander, commonly-known as Hickory, about two weeks before. On the trial Commander, who was a witness, denied this. This is a sufficient statement of the case to present the only question that requires consideration. The indictment alleged the ownership and possession of said horse in Will Deal. The proof on that point was as above stated. The court instructed the jury, in effect that, if they believed the animal was an estray, without any known owner in the community, when Lackey took him up, that the possession and ownership could be charged in Will Deal, said Lackey holding said property for Deal. Appellant contends that this was error; that the possession in Lackey was complete, he having actual care, control and management of the animal at the time appellant procured the same by false pretext of ownership; and that the indictment should have alleged the ownership and possession in Lackey. In this appellant is correct. Tinney v. State, 24 Texas Crim. App., 112; Alexander v. State, 24 Texas Crim. App., 126; Williams v. State, 26 Texas Crim. App., 131; Arcia v. State, 28 Texas Crim. App., 198; Otero v. State, 30 Texas Crim. App., 450. Tinney's case, supra, was very much like this case. There the real owner was Doyle, but the animal had strayed away from home, some twelve miles, and was taken up by one Hurst, who had not estrayed it at the time. When taken by Tinney it was in Hurst's actual control, care and management. The court held in that case, that the possession was in Hurst, and not in the owner, and the indictment should have so alleged. This is not like those cases which hold that the possession of the servant is the possession of the master, and that the possession can be charged in the master. Graves v. State, 42 S. W. Rep., 300; Willis v. State, 44 S. W. Rep., 826. On the contrary this is a case where the person in possession did not know who the owner was, and was holding the same as lost property. Of course, the true owner had a right to reclaim it, but until he did so it was in the actual possession of Lackey. On account of the variance between the

indictment and the proof, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.